UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                             No. 99-4359

BRANDON KEITH COLLIERS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                             No. 99-4371

KEONTA C. KING,
Defendant-Appellant.

Appeals from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-98-29)

Submitted: November 30, 1999

Decided: January 12, 2000

Before MURNAGHAN, WILKINS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Martin P. Sheehan, Wheeling, West Virginia; James Wyda, Federal
Public Defender, Elizabeth L. Pearl, Assistant Federal Public

Defender, Greenbelt, Maryland, for Appellants. David E. Godwin, United States Attorney, Robert H. McWilliams, Jr., Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Brandon K. Colliers and Keonta C. King pled guilty, pursuant to separate plea agreements to distribution of crack cocaine. Each Appellant has filed a timely notice of appeal and raises two issues; their cases have been consolidated in this court. For the reasons that follow, we affirm their convictions and sentences.

In his first issue, Colliers alleges that the Government breached its plea agreement with him. Because Colliers raises this issue for the first time on appeal, we review this claim for plain error. See United States v. McQueen, 108 F.3d 64, 65-66 (4th Cir. 1997). We do not find that the Government breached its plea agreement with Colliers. Second, Colliers alleges that the district court should have granted him a downward departure. This claim fails, however, because a denial of a motion to depart is not reviewable on appeal unless the district court misunderstood its power to depart. See United States v. Darby, 37 F.3d 1059, 1068 (4th Cir. 1994).

Similarly, King's allegation that the district court erroneously denied his motion to depart based upon diminished capacity* is not reviewable on appeal. See Darby, 37 F.3d at 1068. Finally, we do not find that the district court clearly erred in determining the amount of drugs for which King was responsible. See United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994). Accordingly, we affirm the sentence

_____

*See U.S. Sentencing Guideline Manual § 5K2.13, p.s. (1998).

2

and conviction for Colliers and for King. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3